The following was this Court’s opinion, pronounced by .Judge Roast g.
As the land in the case before ns was derived to the infant from his father, and as it is admitted that ho died , , leaving one or more brothers or sisters of the half blood on the part of the in-other, the Court is of opinion that the case comes strictly within the 5th section of the act of descents. Rev. Code of 1794. p. 168. This case then is withdrawn from the general operation of the Act, not only for the purpose of excluding the half brothers and sisters, but also for that of shewing who is to take. -In this case, the brother of the father (the appellant.) is to take in exclusion of the paternal Grandmother (the appellee) who is wholly omitted to he mentioned in the section. 11 was entirely as competent to the Legislature to cut, her out in this case, by omitting to mention her, as to exclude the half blood, in the cese of Templeman v. Steptoe, all the judges are to he considered as deciding *282 against the Grandmother; the majority, by sustaining the-claim of the Uncle, on the ground that he was named in the section, which she is not; and the dissenting Judge, deciding against the stronger pretensions of the Uncle; because he supposed the implication was too weak to bear out even his claim. He therefore more than decided against the Grandmother, by negativing the pretensions of the Uncle.
On the ground therefore of this unanimous opinion of the Court against the grand mother, as well as of our own construction of the Act, we are of opinion to reverse the decree and dismiss the Bill.